UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

RICHARD L. MEROLD, JR.                                                     PLAINTIFF

V.                          3:18-CV-00041-JTR

NANCY A. BERRYHILL,
Deputy Commissioner for Operations,
performing the duties and functions not reserved
to the Commissioner of Social Security                                     DEFENDANT

## ORDER

On February 12, 2019, Plaintiff Richard Merold sent a letter to the Court, which, liberally construed, contains the following three motions: (1) a Motion to Appoint Appellate Counsel; (2) a Motion to Extend Time to File a Notice of Appeal; and (3) a Motion for a "form . . . to complain about the first Judge[']s attempt to ignore evidence that was mentioned in court." *Doc. 23*. For the reasons that follow, Mr. Merold's omnibus Motion is granted, in part, and denied, in part.

I.  **Motion to Appoint Counsel**

On December 12, 2018, the Court entered its Order and Judgment affirming the final decision of the Commissioner and dismissing Mr. Merold's Complaint with prejudice. *Docs. 19 and 20*. Mr. Merold now moves the Court to appoint counsel to represent him on appeal. *Doc. 23*. There is neither a constitutional nor statutory right to counsel in a civil case, or appeal therein; instead, it is committed to the discretion of the court. *Davis v. Scott*, 94 F.3d 444 (8th Cir. 1996) ("Indigent civil litigants do

1

not have a constitutional or statutory right to appointed counsel."). After careful consideration, the Court concludes that the factual and legal issues presented in this case are not complex, and that Mr. Merold has shown himself capable of articulating his claims. As previously noted by the Court, Merold has complied with the Court's orders, and he adequately and sufficiently explained the errors he believes supported reversal of the Commission's decision. *Doc. 19 at 4*. Under these circumstances, appointment of appellate counsel is not warranted. Accordingly, Mr. Merold's Motion for Appointment of Appellate Counsel is DENIED.

**II.     Motion for Extension of Time to File a Notice of Appeal**

Second, Mr. Merold moves the Court for an extension of time to file a notice of appeal.[1] Because the Social Security Administration is a party, Mr. Merold had sixty days from the Court's Order and Judgment dismissing his case on December 12, 2018, to file a notice of appeal.[2] Moreover, because the last day of the sixty-day period fell on Sunday, February 10, 2019, the period continued to run until the end of Monday, February 11, 2019. Fed. R. App. P. 26(a)(1).

---

[1] Mr. Merold states generally "I need to ask for a little more time to be awarded on my time limit for appeal[.]" *Doc. 23*. Because Mr. Merold has not yet commenced an appeal, the Court construes Mr. Merold's request for additional time as a motion to extend the time to file a *notice of appeal* since that is the only appellate deadline potentially applicable at this point. *See* Fed. R. App. P. 3 and 4.

[2] A notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is the United States, a United States agency, or a United States officer or employee sued in an official capacity. Fed. R. App. P. 4.

Pursuant to Federal Rule of Appellate Procedure 4(a)(5), the district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Plaintiff filed this Motion on February 15, 2019, which is within 30 days of the original February 11, 2019 deadline for filing a notice of appeal. For cause, he states that recent medical issues have precluded him from completing his appeal and that he is currently seeking legal representation. For good cause shown, Mr. Merold's Motion to Extend Time to File a Notice of Appeal is GRANTED.

Because no extension of time for filing a notice of appeal granted under Rule 4(a)(5) may exceed either 30 days after the prescribed time (February 11, 2019) or 14 days after the date when the order granting the motion is entered, whichever is later, Mr. Merold must file a notice of appeal no later than March 25, 2019. *See* Fed. R. App. P. 4(a)(5)(C).

### III. Motion for Complaint Form

Third, Mr. Merold moves the Court to provide him with a "form . . . to complain about the first Judge[']s attempt to ignore evidence that was mentioned in

3

court." *Doc. 23*.³ Mr. Merold appears to be requesting information as to how he may file a complaint that the ALJ disregarded medical evidence during his 2017 hearing.

As previously explained by the Court:

> It is not the task of this Court to review the evidence and reverse the decision of an ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ.

*Doc. 19 at 3*. Any further challenges regarding alleged errors committed by the ALJ in denying his application for disability and supplements security income benefits or this Court's review of the ALJ's decision must now be presented to the Eighth Circuit Court of Appeals. Accordingly, Mr. Merold's Motion for Appointment of Appellate Counsel is DENIED.

IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Appoint Appellate Counsel is DENIED.

2. Plaintiff's Motion to Extend Time is GRANTED. Mr. Merold's must file a notice of appeal **no later than March 25, 2019**.⁴

---

³ Mr. Merold states "I'm uncertain how my medical evidence was suppressed . . . the court is negligent in hearing my medical evidence . . . There was proof of multiple infections (not just the scrotum) . . . and this evidence needs to be taken into consideration. I have tried to issue a complaint about this evidence not [being] taken into consideration during my first court date, but still haven't had anyone provide me with information on how to do so. . . . You guys ask for evidence of medical conditions, but allow for the suppression of my evidence instead of taking it into consideration[.]" *Doc. 23*.

⁴ The Court lacks authority under Fed. R. App. P. 4(a)(5)(C) to grant any further extensions of time for Mr. Merold to file a notice of appeal.

3. Plaintiff's Motion for a "Complaint Form" is DENIED.

Dated this 12th day of March, 2019.

_____
UNITED STATES MAGISTRATE JUDGE